IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

XAI XIONG,

       Plaintiff,                    No. 2:09-cv-3345 MCE AC P

       vs.

H. KIRKLAND, et al.,

       Defendants.              <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983. This case has been selected for the court's Prisoner ADR Program and will be referred to Magistrate Judge Craig M. Kellison to conduct a settlement conference at the U. S. District Court, Redding Federal Courthouse, 2986 Bechelli Lane, Redding, California 96002, via video conference, on January 24, 2013 at 9:30 a.m.

      Plaintiff will be required to appear by video conference from his current place of confinement.

          In accordance with the above, IT IS HEREBY ORDERED that:

          1. This case is set for a settlement conference before Magistrate Judge Craig M. Kellison on January 24, 2013, at 9:30 a.m. at the U. S. District Court, Redding Federal

1   Courthouse, 2986 Bechelli Lane, Redding, California 96002.

2       2. Plaintiff shall personally attend, via video conference.

3       3. Defendants' lead counsel and a person with full and unlimited authority to
4   negotiate and enter into a binding settlement on defendants' behalf shall attend in person.[1]

5       4. Those in attendance must be prepared to discuss the claims, defenses and
6   damages. The failure of any counsel, party or authorized person subject to this order to appear in
7   person may result in the imposition of sanctions. In addition, the conference will not proceed
8   and will be reset to another date.

9       5. Each party shall provide a confidential settlement statement to Sujean Park,
10  ADR and Pro Bono Program Director, 501 I Street, Suite 4-200, Sacramento, California 95814,
11  so they arrive no later than January 11, 2013 and file a Notice of Submission of Confidential
12  Settlement Statement (See L.R. 270(d)).

13      Settlement statements **should not be filed** with the Clerk of the court **nor served**
14  **on any other party**. Settlement statements shall be clearly marked "confidential" with the date
15  and time of the settlement conference indicated prominently thereon.

16      The confidential settlement statement shall be no longer than five pages in length,

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences... ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).

typed or neatly printed, and include the following:

  a. A brief statement of the facts of the case.

  b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

  c. A summary of the proceedings to date.

  d. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

  e. The relief sought.

  f. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

  g. A brief statement of each party's expectations and goals for the settlement conference.

  6. The Clerk of the Court is directed to serve a copy of this order on the Litigation Office at California State Prison, Sacramento via facsimile at (916) 294-3072.

DATED: December 11, 2012.

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE