UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAI XIONG,<br><br>        Plaintiff,<br><br>        v.<br><br>H. KIRKLAND, et al.,<br><br>        Defendants. | No. 2:09-cv-03345-MCE-AC<br><br>**ORDER ON MOTIONS IN LIMINE** |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 against Defendants. Trial is scheduled to begin on Monday, January 27, 2014. On January 17, 2014, Defendants filed three motions in limine. Mots., Jan. 17, 2014, ECF No. 87. Plaintiff has not filed an opposition. For the reasons set forth below, Defendants' motions are granted.

Defendant's first motion in limine seeks to prevent Plaintiff from offering opinions or inferences about the nature and extent of his injuries, pursuant to Federal Rule of Evidence 701.[1] Defendants assert that Plaintiff cannot testify about opinions, inferences, diagnoses, or causation as to Plaintiff's alleged injuries. Rule 701 provides:

> If the witness is not testifying as an expert, the witness's testimony in the form of opinions or inferences is limited to

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Evidence unless otherwise stated.

1

> those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

By contrast, Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is the product of reliable principles and methods, and (2) the witness has applied the principles and methods reliably to the facts of the case.

Plaintiff is not a medical expert. Therefore, in accordance with the Rules of Evidence, supra, he can offer only lay witness testimony regarding what he experienced. Defendant's first motion in limine is therefore GRANTED. Plaintiff may testify as to what he experienced as a result of the alleged incident(s) of excessive force. Fed. R. Evid. 701. Plaintiff is, however, precluded from offering any opinions or inferences from any medical records. Fed. R. Evid. 701, 702.

Defendants' second motion in limine seeks to exclude testimony concerning settlement discussions. The parties participated in a settlement conference before a magistrate judge in January 2013.

Rule 408 provides:

> (a) Prohibited Uses. Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
>   (1) furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and
>
>   (2) conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.
>
> (b) Exceptions. The court may admit this evidence for another

purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Because none of the exceptions set forth in the Rules apply, Defendant's second motion in limine is GRANTED.  Plaintiff will not be permitted to testify about, or offer evidence of, the parties' settlement discussions or offers to compromise

Defendants' third motion in limine seeks to exclude Plaintiff's Exhibits numbered 2 and 3 as inadmissible hearsay.  Plaintiff's pretrial statement lists five exhibits that Plaintiff intends to introduce at trial.  ECF No. 57 at 7.  Defendants object to the admission of two of these exhibits: (1) Plaintiff's declaration; and (2) Inmate Yang's (K-91139) declaration.  Defendants contend that these exhibits are out of court statements offered for the truth of the matter asserted.  None of the exceptions to the rule against hearsay apply to these documents.  Notably, because Plaintiff has not attempted to have Inmate Yang writted here or made otherwise available to give testimony, Inmate Yang is not an "unavailable" witness under Rule 804.  Likewise, Plaintiff's own declaration is inadmissible hearsay.  Plaintiff may instead testify at trial.

Accordingly, Defendants' third motion in limine is GRANTED.

IT IS SO ORDERED.

Dated:  January 24, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT